UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| G.G., | Case No. 24-cv-01606-VKD |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION FOR AUTHORIZATION OF FEES PURSUANT TO 42 U.S.C. § 406(b)** |
| FRANK BISIGNANO, | Re: Dkt. No. 17 |
| Defendant. | |

## I.      BACKGROUND

Plaintiff G.G. filed this action for review of an unfavorable decision by the Commissioner of Social Security ("Commissioner").[1]  In July 2024, the Court approved the parties' stipulation to a voluntary remand pursuant to sentence four of 42 U.S.C. § 405(g), and entered judgment for G.G.  Dkt. Nos. 15, 16.  In August 2025, following remand, the Commissioner issued a fully favorable decision.  *See* Dkt. No. 17 at ECF 3.  In January 2026, the Social Security Administration issued a notice of award, informing G.G. that he is entitled to past-due benefits in the amount of $180,904.00 for the period December 2021 to November 2025.  *Id;* at ECF 17.

G.G.'s counsel, Terry LaPorte, now moves for attorneys' fees pursuant to 42 U.S.C. § 406(b).  Dkt. No. 17.  Mr. LaPorte seeks an award of $36,026.00 pursuant to his fee agreement with G.G.  *See* Dkt. No. 17 at ECF 7 (LaPorte Declaration ¶ 4); Dkt. No. 17 at ECF 8 (G.G. Declaration ¶ 2).  That agreement provides that Mr. LaPorte "shall charge and receive as the fee an amount equal to twenty-five percent (25%) of the past-due benefits that are awarded to [GG.'s]

---

[1] Frank Bisignano, Commissioner of the Social Security Administration, is substituted for his predecessor pursuant to Federal Rule of Civil Procedure 25(d).

United States District Court
Northern District of California

family and [G.G] in the event [G.G.'s] case is won." Dkt. No. 17 at ECF 11.

When a district court awards fees under both the Equal Access to Justice Act ("EAJA") and § 406(b), "'the claimant's attorney must refund to the claimant the amount of the smaller fee.'" *Crawford v. Astrue*, 586 F.3d 1142, 1144 n.3 (9th Cir. 2009) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002)). However, Mr. LaPorte states that he could not seek an award of attorneys' fees under the EAJA because G.G.'s personal assets exceeded the maximum amount permitted under the EAJA. Dkt. No. 17 at ECF 4.

The record reflects that Mr. LaPorte served G.G. with a copy of the present motion for fees and supporting papers by mail on January 30, 2026. *See* Dkt. No. 17-2. The Court has received no objection or response from G.G., and the time for submitting a response has passed. *See* Civil L.R. 7. In support of his fees motion, Mr. LaPorte submitted a declaration from G.G. stating G.G.'s agreement to the requested fees. *See* Dkt. No. 17 at ECF 8-10. The Commissioner filed a response in which he does not support or oppose Mr. LaPorte's motion for fees, but states that the Court should independently review whether Mr. LaPorte's fee request is reasonable. Dkt. No. 19. The motion is deemed suitable for determination without oral argument. Civil L.R. 7-1(b). Upon consideration of the moving and responding papers, the Court grants Mr. LaPorte's motion.

## II.    DISCUSSION

When a court renders judgment favorable to a claimant represented by an attorney, "the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" 42 U.S.C. § 406(b)(1)(A). A court may award such fees even if the court's judgment did not immediately result in an award of past-due benefits. *Butler v. Colvin*, No. 3:14-cv-02050-LB, 2017 WL 446290, at *1 (N.D. Cal. Feb. 2, 2017).

Section 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht*, 535 U.S. at 807. "Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id*. "The statute does not specify how courts should determine whether a requested fee is reasonable" and

United States District Court
Northern District of California

"provides only that the fee must not exceed 25% of the past-due benefits awarded." *Crawford*, 586 F.3d at 1148; *see also Gisbrecht*, 535 U.S. at 807 ("Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits."). The attorney seeking fees must show that the fees sought are reasonable for the services rendered. *Gisbrecht*, 535 U.S. at 807.

Mr. LaPorte states that he received payment of $9,200.00 for work representing G.G. at the administrative level. The combined total of that award and the fees Mr. LaPorte presently seeks does not exceed 25% (i.e. $45,226.00) of G.G.'s past-due benefits. *See* Dkt. No. 17 at ECF 8 (G.G. Declaration ¶ 1); Dkt. No. 17 at ECF 2, 17. The requested fee of $36,026.00 (i.e., approximately 20% of the past-due benefit award) therefore is lower than the 25% rate allowed by statute. *See Culbertson v. Berryhill*, 586 U.S. 53, 62 (2019) ("[T]he 25% cap in § 406(b)(1)(A) applies only to fees for court representation, and not to the aggregate fees awarded under §§ 406(a) and (b).").

In determining a reasonable fee award under § 406(b), courts "must respect 'the primacy of lawful attorney-client fee agreements,' . . . 'looking first to the contingent fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808). In this context, reasonableness does not depend on lodestar calculations, but upon "the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. Fees resulting from a contingent fee agreement are unreasonable and subject to reduction by the court "if the attorney provided substandard representation or engaged in dilatory conduct in order to increase the accrued amount of past-due benefits, or if the 'benefits are large in comparison to the amount of time counsel spent on the case.'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 808). Although the Supreme Court has "flatly rejected [a] lodestar approach," *id*., a court may require, "not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement," submission of the requesting attorney's records of the hours worked and normal hourly billing rate for non-contingent fee cases. *Gisbrecht*, 535 U.S. at 808.

Mr. LaPorte has demonstrated that the requested fees are reasonable for the services

rendered.  His fee agreement with G.G. provides for fees within the 25% limit imposed by § 406(b).  Dkt. No. 17 at 11-12.  As discussed above, Mr. LaPorte seeks fees in an amount less than 25% of G.G.'s past-due benefits award.  He successfully pursued G.G.'s appeal in this Court, and obtained a favorable result in which G.G. received substantial past-due benefits.  Dkt. Nos. 15, 16; Dkt. No. 17 at ECF 15-20.  Nothing in the record suggests that Mr. LaPorte's performance was substandard, or that he engaged in dilatory conduct in order to increase the amount of fees to be awarded.  Mr. LaPorte did not request any continuances or extensions of time.  The Court finds no instances of undue delay.

Mr. LaPorte's time records, which the Court has reviewed as an aid to the assessment of the reasonableness of the requested fee, indicate that he spent 34.25 hours working on the present appeal.  *See* Dkt. No. 17 at ECF 13-14.  Although those records result in an hourly rate of more than $1000.00, as discussed above, *Gisbrecht* and *Crawford* make clear that a lodestar analysis does not drive the evaluation of fees under § 406(b).  *See Gisbrecht*, 535 U.S. at 806; *Crawford*, 586 F.3d at 1149.  Moreover, the Court recognizes that Mr. LaPorte assumed a risk of not recovering fees by representing G.G. on a contingency basis since March 2024.  *See* Dkt. No. 17 at ECF 11-12.  There is no indication that at that time, Mr. LaPorte could have known that G.G. would obtain an order remanding the case for further proceedings and that, years later, the agency ultimately would find that G.G. was entitled to past-due benefits.  Additionally, as noted above, the record indicates that Mr. LaPorte received no payment of EAJA attorneys' fees.  Dkt. No. 17 at ECF 4.

Accordingly, the Court finds that the requested fees are reasonable.

## III.  CONCLUSION

Based on the foregoing, Mr. LaPorte's motion for fees pursuant to 42 U.S.C. § 406(b) is granted.  The Court awards $36,026.00 in fees to Mr. LaPorte.

**IT IS SO ORDERED.**

Dated: March 3, 2026

Virginia K. DeMarchi
United States Magistrate Judge

4